UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES PATRICK REEDOM,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, *et al.*,

    Defendants.

Civil Action No. 15-0406 (RMC)

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment. For the reasons discussed below, the motion will be granted.

### I. BACKGROUND

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, demanding the disclosure of information from three federal government entities: the Social Security Administration ("SSA"), Rural Development, a component of the United States Department of Agriculture ("USDA"), and the Internal Revenue Service ("IRS"), a component of the United States Department of the Treasury ("Treasury"). *See generally* Compl. ¶¶ 6-22.

*A. Social Security Administration*

Plaintiff alleges that, "[t]o date, [SSA] has not provided the records [he] requested . . . in his FOIA request, notwithstanding the FOIA's requirement of an agency response within

1

twenty (20) working days." Compl. ¶ 7. His complaint does not identify a particular FOIA request, however. "Given the amount of records at SSA, it is vital for the agency to receive a properly filed access request with as much information as possible to allow SSA to search for specific records." Mem. of P. & A. in Support of Defs.' Mot. for Summ. J. ("Defs.' Mem."), Decl. of Mary Ann Zimmerman ("Zimmerman Decl.") ¶ 5.

Staff of the SSA's Office of Privacy and Disclosure ("OPD") perform searches for records responsive to FOIA requests "that reasonably describe[] the records requested." Zimmerman Decl. ¶ 2. In addition, OPD staff "respond[] to the requester[s] with . . . disclosable records" if any are located and respond to those requesters who appeal OPD's initial response to their requests. *Id.* SSA's declarant explains that, because Plaintiff's complaint "does not identify a specific request, OPD staff searched for all of Plaintiff's requests." *Id.* ¶ 7 n.1.

Plaintiff's August 1, 2013 request (AL1997) was for his "earnings records . . . from 1965 [to] 2012," including "his earnings records from Lincoln University from 1978 [to] 1980 and Grambling State University from 1975 [to] 1976," and "his corrected earnings from 1975 [to] 2012." *Id.*, Ex. A-1. SSA "responded by letter dated August 6, 2013 stating that it could not release the earnings information without proper authorization," and provided a copy of Form SSA-7050-F4, Request for Social Security Earnings Information, for Plaintiff to complete and return. *Id.* ¶ 8; *see id.*, Ex. A-1. Plaintiff neither responded to SSA's letter nor filed an administrative appeal of this decision. *Id.* ¶ 8.

Plaintiff asked SSA to notify him if fees associated with the response to his second FOIA request (AM2699) exceeded $25. *Id.*, Ex. A-2. "SSA responded by letter dated June 4, 2014 stating that the fee for the requested records was $102." *Id.* ¶ 9. It supplied Plaintiff with a copy of Form SSA-7050-F4 and the address to which he should return the completed

2

form. *Id.* Similarly, at Plaintiff's request, "SSA responded by letter dated June 5, 2014 [to Plaintiff's third request for information (AM2700)] and provided the cost for [the information he sought along with] a copy of Form SSA-7050-F4 [and] the address to send the form for processing." *Id.* ¶ 10. Plaintiff did not respond to these letters, and he filed no administrative appeal of these initial decisions. *Id.* ¶¶ 9-10.

The fifth FOIA request (AM4326), dated May 6, 2014, included a request for a fee waiver. *Id.* ¶ 11; *see id.*, Ex. A-4. "SSA responded by letter dated August 14, 2014, and explained that [Plaintiff] did not adequately identify the records or . . . submit sufficient information in order for OPD to perform a search." *Id.* ¶ 11. It instructed Plaintiff to contact his local Social Security office if he sought information about himself, and to submit a Form SSA-7050-F4 if he sought earnings information. *Id.* In a separate letter, SSA advised Plaintiff that it had denied his fee waiver request. *Id.* Although both letters advised Plaintiff of the process for appealing the decisions, Plaintiff neither appealed nor responded in any other way. *Id.*

Plaintiff's June 17, 2014 request (AM4400) mentioned earnings records and lawsuits and discrimination complaints against the SSA. *See id.*, Ex. A-5. "SSA responded with a letter dated November 21, 2014." *Id.* ¶ 12. It referred Plaintiff to its earlier responses to prior requests for earnings records (i.e., submission of Form SSA-7050-F4), and "stated it could not conduct a search [for the other records he sought] because the request failed to reasonably describe" them. *Id.* This letter, too, advised Plaintiff of the procedures for pursuing an administrative appeal, yet Plaintiff neither responded to the letter nor filed an appeal. *Id.*

By "the time [Plaintiff] filed [this] lawsuit, [OPD] had received five FOIA requests from [Plaintiff and had] already responded to each . . . request[]." *Id.* ¶ 7; *see id.* ¶¶ 8-12. SSA had no record of an administrative appeal with respect to any of its responses. *Id.* ¶¶ 8-

3

12. In addition, SSA's Division of Earnings Records Operations responded to Plaintiff's 2013 request for earnings information from 1981 through 2003 by sending him "a certified earnings record on or about January 11, 2014 by mail[.]" *Id.* ¶ 14.

*B. Rural Development*

Plaintiff submitted a FOIA request to the Rural Development's State Director in Texas for the following information:

> All applicants and award request[s] for community and economic development loans and grants for African American[s], individuals and nonprofits.
>
> All information on Help is on the Way and Humanitas Community Development Corporation.
> And James Reedom

Defs.' Mem., Decl. of Dupe Sole ("Sole Decl."), Ex. A. According to Plaintiff, "the USDA provided documents [that were not] responsive to [his FOIA] request," and it "withheld pages, relying upon 5 U.S.C. § 552(b)(4)." Compl. ¶ 20. Not so, according to the USDA's declarant: the agency had provided a "no records" response. Sole Decl. ¶ 5.

"Rural Development conducted a search of records that are responsive to [Plaintiff's] request and [was] unable to locate any information[,]" *id.*, Ex. B at 1, among "Community Facility Program and Business Program applications maintained by the Texas [Rural Development] state office," Sole Decl. ¶ 5. Its letter explained that "[Rural Development] does not maintain the loans and grants referenced in [Plaintiff's] request to individuals" and does not "maintain records for nonprofit organizations by race and/or national origin." *Id.* Plaintiff was advised of his right to file an administrative appeal of this determination. *Id.*, Ex. B at 1-2.

4

By letter dated March 5, 2015, Plaintiff submitted to the Administrator, U.S. Department of Agriculture, Rural Business Service, a letter titled "Freedom of Information Request Letter Notice of Appeal of Denial." *Id.*, Ex. C. Aside from the reference number assigned to his FOIA request (FOIA Case No. 2013-RD-00269-F) to Rural Development, Plaintiff included "[n]o other information on the appeal . . . in the letter." Sole Decl. ¶ 7.

The USDA's declarant contacted Plaintiff by telephone on April 1, 2015 "to discuss his appeal because [she] was unable to determine the [Rural Development] program for which [P]laintiff was seeking records and . . . the time period for his request." *Id.* ¶ 8. Based on Plaintiff's mention of correspondence he had exchanged "regarding discrimination claims between 1998 and 2008," *id.* ¶ 8, the declarant "contacted the [Rural Development's] Office of Civil Rights," *id.* ¶ 9. She discussed Plaintiff's appeal with an Equal Employment Specialist, who in turn sent Plaintiff "a letter . . . seeking additional information regarding his request and appeal [because that] office might be able to locate responsive records." *Id.* Specifically, Plaintiff was "asked to clarify the specific [Rural Development] programs for which he is seeking records; the names of any specific individuals whose records [P]laintiff is seeking . . . ; a timeframe for his request; and any additional information to assist the agency in responding to the appeal." *Id.*; *see id.*, Ex. D. As of July 28, 2015, the date of her declaration, "[Rural Development had] not received a response from Plaintiff[.]" *Id.* ¶ 10.

### C. Internal Revenue Service

According to Plaintiff, "the IRS provided documents responsive to [his] FOIA request," and has "withheld pages, relying upon 5 U.S.C. § 552(b)(4)." Compl. ¶ 16. According to the IRS's declarant, Plaintiff submitted four FOIA requests to the IRS in 2014, and the IRS responded to each. *See* Defs.' Mem., Decl. of Rachel L. Gregory ("Gregory Decl.") ¶¶ 8-10. In

5

three instances, the IRS responded with instructions for Plaintiff to submit additional information. *See id.*, Exs. C (Case #F14132-0062 and F14132-0087) & F (Case #F14149-0025). For example, the IRS requested the written consent of each individual taxpayer for whom Plaintiff sought tax records. *See id.*, Ex. C. In the fourth instance, on the understanding that Plaintiff requested tax information about himself only, the IRS provided Plaintiff with instructions for its "routine agency procedure that should be used to request income transcripts." *Id.*, Ex. G (Case #F14161-0022). The declarant stated that Plaintiff has not provided "any additional documents or information . . . in support of the [four] FOIA requests" identified here. *Id.* ¶ 18.

## II. DISCUSSION

### *A. Plaintiff Concedes Defendants' Factual Assertions*

Defendants filed their summary judgment motion on August 14, 2015. At that time, Plaintiff's interlocutory appeal was pending.[1] Plaintiff filed a timely response to Defendants' motion on August 26, 2015. After the conclusion of the interlocutory appeal, on February 5, 2016, the Court issued an order giving Plaintiff an opportunity to supplement his response to Defendants' motion. Among other things, the order advised Plaintiff that the Court would accept as true any factual assertions set forth in Defendants' declarations unless Plaintiff submitted affidavits or documentary evidence showing that Defendants' assertions are untrue. Plaintiff did not file a supplement or request additional time to do so.

---

[1] Plaintiff served discovery requests on Defendants, and on July 7, 2015, the Court granted Defendants' motion to stay discovery. Plaintiff appealed this ruling, and the United States Court of Appeals for the District of Columbia Circuit dismissed the appeal for lack of prosecution. *See Reedom v. Soc. Sec. Admin.*, No. 15-5211 (D.C. Cir. Dec. 11, 2015).

The Court has reviewed Plaintiff's response to Defendants' summary judgment motion and concludes that it utterly fails to address the substance of Defendants' arguments. Rather, Plaintiff has submitted a seemingly random collection of exhibits and citations to legal authority, and none sheds light on the actual FOIA requests to which the complaint purportedly refers. Consequently, for purposes of this Memorandum Opinion, the above facts are deemed admitted. *See* Fed. R. Civ. P. 56(e)(2) (authorizing court, when non-moving party "fails to properly address another party's assertion of fact as required by Rule 56(c)," to "consider the fact undisputed for purposes of the motion"); *Grimes v. District of Columbia*, 794 F.3d 83, 94 (D.C. Cir. 2015) (noting that plaintiff has "burden to identify evidence that a reasonable jury could credit in support of each essential element of [his] claims" and "cannot rely on the allegations of [his] own complaint in response to a summary judgment motion, but must substantiate them with evidence"); LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues.").

Even if a plaintiff fails to respond to a motion for summary judgment, "[a] defendant moving for summary judgment must still 'discharge the burden the rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case.'" *Grimes*, 794 F.3d at 93 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring)). "The burden that the movant 'always bears' is that of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* at 93-94 (quoting *Celotex*, 477 U.S. at 323); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary

7

judgment motion is unopposed, it is only properly granted when the movant has met its burden."). Here, Defendants meet their burden.

### B. Plaintiff Failed to Exhaust His Administrative Remedies

"[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to [the requester]." 5 U.S.C. § 552(a)(3)(A). A requester must comply both with the FOIA and with each agency's published regulations for the submission of a FOIA request before the agency incurs any obligation to search for or release records.[2] *See Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) ("An agency's disclosure obligations are not triggered, however, until it has received a proper FOIA request in compliance with its published regulations."); *Dale v. IRS*, 238 F. Supp. 2d 99, 102-03 (D.D.C. 2002). "Exhaustion of administrative remedies is generally required before seeking judicial review," *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam), in order that an agency has "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," *id.* (quoting *Oglesby*, 920 F.2d at 61). If a requester has not exhausted his administrative remedies prior to the filing of a civil action in district court, his claim is subject to dismissal. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *Dale*, 238 F. Supp. 2d at 103 ("Failure to comply with

---

[2] For example, "[i]nstructions on how to submit a FOIA request [to the SSA] are described in [its] regulations," as are "instructions on how to appeal a denial of a FOIA request." Zimmerman Decl. ¶ 4 (citing 20 C.F.R. §§ 402.130, 402.135 and 402.200).

8

agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants dismissal.").[3]

Relevant to this discussion are a requester's obligations to describe reasonably the records he seeks, *see, e.g., Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 229 (D.D.C. 2012) (concluding that requester's failure to describe the records it seeks justifies dismissal of FOIA claims), to pay fees associated with his request, *see, e.g., Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 66 (D.C. Cir. 1990) ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."), and to file an administrative appeal of an agency's initial determination before seeking judicial review, *see, e.g., DeBrew v. Atwood*, 792 F.3d 118, 123-24 (D.C. Cir. 2015) (finding that requester's "failure to exhaust his administrative remedies precludes the courts from reviewing whether the [agency] conducted an adequate search" for responsive records).

Defendants have demonstrated that Plaintiff failed to exhaust his administrative remedies with respect to his FOIA requests for earnings records and other information from the SSA in four ways. First, he failed to submit the proper authorization for release of information on Form SSA-7050-F4, Request for Social Security Earnings Information. *See* Zimmerman Decl. ¶¶ 8-12. Second, Plaintiff neither paid fees associated with two of his requests (AM 2699 and AM2700), *see id.* ¶¶ 9-10, nor appealed the denial of his request for a fee waiver (AM4326), *see id.* ¶ 11. Third, Plaintiff failed to describe reasonably the records he sought through his June

---

[3] The District of Columbia Circuit instructs that "[a] FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted" under Fed. R. Civ. P. 12(b)(6). *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010) (citing *Hidalgo*, 344 F.3d at 1260). Because the parties submit and the Court considers matters outside of the pleadings, the Court treats Defendants' motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d), 56.

9

17, 2014 FOIA request (AM4400). *See id.* ¶ 12. Lastly, Plaintiff did not pursue an administrative appeal of any of the SSA's initial determinations. *See id.* ¶¶ 8-12.

Plaintiff did not exhaust his administrative remedies with respect to his October 30, 2012 request to Rural Development. Although Plaintiff sought an administrative appeal of Rural Development's initial "no records" response, the appeal had not been completed when Plaintiff filed this lawsuit. Sole Decl. ¶ 7. Insofar as potentially responsive records might have been maintained by Rural Development's Office of Civil Rights, *see id.* ¶ 9, Plaintiff did not provide "any additional guidance and/or information that might help . . . to further define [his] request and be responsive to [his] appeal," *id.*, Ex. D.

Plaintiff's four FOIA requests to the IRS called for the written consent of all the individual taxpayers whose information he sought, *see* Gregory Decl., Exs. C, E-F, G, as is required by regulation, *see* Defs.' Mem. at 9 (citing 26 C.F.R. § 601.702(c)(5)(iii) and (d)(1)). Plaintiff has not complied. *See* Gregory Decl. ¶ 18. Nor has Plaintiff offered any meaningful response to Defendants' showing, and he thus fails to meet his burden on summary judgment.

## III. CONCLUSION

The Court will grant Defendant's motion on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing this civil action. An Order accompanies this Memorandum Opinion.

DATE: June 27, 2016

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge